[Civ. No. 26288.   Second Dist., Div. Three.   July 12, 1963.]

FRED M. WELLS, INC., Defendant, Cross-complainant and Appellant, v. MARSHALL AND STEVENS, Cross-defendant and Respondent.

Abrams & Fox and Martin L. Abrams for Defendant, Cross-complainant and Appellant.

Anderson, McPharlin & Conners and William J. Conners for Cross-defendant and Respondent.

SHINN, P. J.—Cross-complainant Fred M. Wells, Inc., appeals from that portion of the judgment rendered in favor of cross-defendant Marshall and Stevens, a corporation. The action arose in the following manner. The appellant, a corporation, was engaged in the operation of a machine shop which did general metal fabricating. It became interested in adding a honing activity to its business through the purchase of equipment from Wright Honing Company. Appellant engaged Marshall and Stevens, a corporation, a professional appraising organization, to appraise the entire equipment of Wright Honing Company, including three Barnes Drill Honing machines. The appraisal was made by a D. S. Duncan, an employee of respondent, and the report was delivered to appellant.

The briefs discuss the conflicting evidence as to the values of the honing machines, as compared with the appraised values. It would serve no purpose to relate this evidence further than to say that all the equipment including the honing machines was appraised by Duncan as having a liquidation value of $33,366. Wells purchased it for $35,000. $5,000 was paid down and a note and chattel mortgage were executed for the balance. Wells took possession and operated the machines for approximately six months and then gave notice of rescission to Wright Honing Company on the grounds that the three honing machines were found to be in an advanced state of disrepair and that the capacities of said machines were represented to be substantially larger than the manufacturer's rating. Thereupon, on October 30, 1959, Wright Honing Company filed an action on the note and chattel mortgage. Wells cross-complained against re-

spondent, alleging negligence in making the appraisal, to its damage in the sum of $22,000. On August 22, 1960, at the conclusion of the trial, but before judgment was entered, the parties entered into a written stipulation for judgment. Based on the findings of fact and said stipulation, the court entered judgment, in part, that Wells take nothing by its cross-complaint against Marshall and Stevens. Judgment was given in favor of Wright Honing Company against Wells, and was duly satisfied. Marshall and Stevens moved to dismiss the appeal of Wells upon the ground that the judgment against Wells was by consent of the parties; the motion was opposed and was denied without prejudice. Although it is now urged that the appeal should be dismissed the cause has been briefed and we shall consider it on its merits.

As previously stated, the gravamen of the cross-complaint was the alleged negligence of Marshall and Stevens in making an appraisal of the machines. The court found that Marshall and Stevens was not guilty of negligence. The sole question on appeal is whether that finding had substantial support in the evidence. The record discloses ample support for the finding.

The appeal is argued upon an erroneous theory which is stated in appellant's reply brief as follows: ''Negligence and carelessness of the respondent has been demonstrated by substantial evidence, and for that reason the Judgment of the Trial Court should be reversed.''

The most that can be said in criticism of the judgment is that the court might reasonably have found upon the evidence that Marshall and Stevens was negligent in making its appraisal of the machines. There was ample evidence that the machines were worth far less than the valuations placed upon them by Mr. Duncan. The opinions of the witnesses as to values differed widely. But the true value of the machines was not determinative of the question whether Duncan was either incompetent or guilty of negligence. The court found: ''It is not true that the agent of cross defendant who appraised the property was unfamiliar with honing equipment or that the cross defendant was negligent or careless in appraising the said property or reporting on the same. In examining and appraising the said personal property, cross defendant did so through an agent who was by experience and training qualified to appraise the subject property and who in making his appraisal used the degree of skill

and care and the methods as are customarily used by professional appraisers in the County of Los Angeles.''

Duncan testified that he had 25 years experience as an appraiser and had been employed by Marshall and Stevens ever since 1946. He had had previous experience as a cost estimator in building construction. He was experienced in the appraisal of all kinds of machinery in the industrial category; this required about 25 per cent of his time. He inspected the honing machines; at least one of them was operating at the time; he examined them for model numbers and serial numbers; the machine that was operating seemed to be working smoothly; a workman who was present said they had good results from the work the machines were doing; he examined cylinders of various sizes that had been reground in the machines and formed the opinion that the work was very good; he spent three or four hours in this inspection; he contacted several machine dealers; he learned that the Barnes machines in question were no longer being made. In seeking information as to the cost of machines that would do the same kind of work he described the Barnes machines and learned the cost of comparable machines. He discussed with dealers the current sales of honing machines in general and the supply and demand for them and found there was a normal demand. From all the information he arrived at a cost of replacement, a sound value, and a liquidation value. The office made a practice of consulting nationally published circulars and magazines which gave information as to the second-hand machine market. Although Mr. Duncan had seen thousands of honing machines he had not seen the special type that was made by the Barnes Drill Company. Duncan testified that the methods and practices employed by professional appraisers of machines and industrial machines in the County of Los Angeles were the same as those which he followed.

A Mr. Jackson, experienced in the appraisal of industrial machinery, connected for many years with national appraisal companies, testified that the methods used by Mr. Duncan were in accordance with local standard practices for the appraisal of industrial machinery. No question was raised at the trial as to the competency of Mr. Duncan and Marshall and Stevens and in fact the latter had been used by Wells to make appraisals on former occasions.

There is a surprising want of understanding that

appellate review is limited to questions of law and that the only question of law as to the sufficiency of the evidence at the trial is whether it was adequate in substance to justify the findings which were determinative of the cause. ▉ The evidence was such as to resolve that question of law.

In view of the findings of the court as to the competency of Mr. Duncan and the use by him of the degree of skill and care and methods commonly used by professional appraisers, all of which were amply supported by the evidence, the appeal is manifestly devoid of merit.

The judgment is affirmed.

Ford, J., and Files, J., concurred.

A petition for a rehearing was denied August 7, 1963, and appellant's petition for a hearing by the Supreme Court was denied September 4, 1963.